# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| D.H. and T.H., as parents and next friend of their minor daughter, K.H., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )   No. 06-CV-523 CVE-SAJ |
| PONCA CITY INDEPENDENT SCHOOL DISTRICT NO. 71, *et. al.*, | ) ) ) ) |
| Defendants. | ) |

## ORDER AND OPINION

Comes on for decision Plaintiffs' Motion for Awarding of Attorney Fees and Costs [Dkt. # 28].   Having considered the  briefs of the parties the court hereby finds as follows.

A plaintiff who is a prevailing party is entitled to recover attorneys' fees under 42 U.S.C. § 1988.  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  It is stipulated and agreed that the Plaintiffs are prevailing parties and the only issue for the court is determination of the reasonable attorneys' fees and costs.  The parties entered into a Settlement Agreement dated April 9, 2007 which settled any and all claims herein except  "The parties have agreed to submit the issue of fees and costs to be awarded to the court for determination on the basis of briefs submitted."

## I. ARGUMENT AND AUTHORITY

### A. Excessive Hours

The court has considered the arguments of Defendant, Independent School District No. 71 of Kay County, Oklahoma, a/k/a Ponca City Public Schools, the only Defendant

1

which filed brief in opposition to the motion, in the order presented in Defendant's brief.  In *Ramos v. Lamm,* 713 F.2d 546 (10th Cir. 1983), a civil rights case involving prison conditions in Colorado, the court examined in some detail the relevant factors in awarding attorneys' fees in a civil rights case.  The *Ramos* court found "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)."  The court gave further direction as follows:

> The district court must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation.  *Ramos v. Lamm* , 713 F. 2d at 553.

Defendant argues that the total of 172.75 hours was excessive because there were no dispositive motions, hearing or trial preparation and that counsel for the Defendant devoted only 131.2 hours to the case.  Defendant request that Plaintiffs' hours be reduced by one third  from 172.75 to 115.25.  Plaintiffs explain that Plaintiffs' counsels' involvement in the case began two months prior to Defendants'.   A detailed review of Plaintiffs' time records reveals no large blocks of time committed to a particular task that would suggest more time was used than needed for the particular task.  In fact there are no large blocks of time other than preparation of discovery requests and depositions, the settlement conference and the preparation of the motion for attorneys' fees.

The court does find excessive hours of 14.25 and 18.00 billed on 01/10/2007 and 01/12/2007, respectively, in which it appears one of Plaitniffs' counsel charged  his full hourly rate for travel time between his residence in Tennessee and Oklahoma.  Travel time can be charged at the full rate if counsel is working full time during travel.   The court finds

any hours worked on the days in question beyond nine hours is excessive and will delete 14.25 hours from the total requested. The court also finds the 11.25 hours for discovery request and deposition preparation to be excessive in view of counsels' expertise and experience and will delete 5 hours from the total requested.

### B. Unnecessary Duplication

Defendant argues that there was unnecessary duplication in the efforts of Yasser and Schiller and urges the *Ramos* prescription that "the district court should give particular attention to the possibility of duplication." *Ramos* v. *Lamm*, 713 F. 2d at 553, 554. The court finds no duplication of effort in this case. Yasser had very little involvement outside his presence at the settlement conference. The court finds the presence of both counsel was valuable and necessary and each made important contributions at settlement conference. As the *Ramos* court noted, "Because utilizing more than one lawyer may be reasonable in some situations, such as during settlement conferences or during trial, we decline to require an automatic reduction of reported hours to adjust for multiple representation or potential duplication." *Ramos* v. *Lamm*, 713 F. 2d at 553, 554.

### C. Lack of specificity in billing records.

Defendant argues the billing records lack the specificity required by *Hensley* and *Case v. Unified School District No. 233, Johnson County,* 157 F.3d 1243 (10th Cir. 1998). The *Case* court complained, "None of the billing entries describe the subject matter of the telephone conversations. . ." *Case v. Unified,* 153 F.3d at 1252.

This court has reviewed the authorities presented by Defendant and finds nothing that would require greater specificity in Plaintiffs' billing records. Plaintiffs are obligated to

state how the charged time was spent so that the court can evaluate whether the time charged is reasonable for that task.   This has been done.  If required to note the subject matter of the voluminous .25 hour telephone calls, such record keeping would increase the total charges for no good reason.

### D.  Reasonableness of the hourly rate

The Tenth Circuit has stated that "[t]he first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time. . . . Absent more unusual circumstances than we see in this case, the fee rates of the local area should be applied even when the lawyers seeking fees are from another area." *Ramos v. Lamm,* 713 F. 2d at 555.

Counsel for Defendant recites that she charged an hourly rate of $205.00 in this matter and argues the hourly rate for Plaintiffs' counsel should be $225.00 per hour. Plaintiffs' counsel request $275.00 per hour. In support,  the affidavit of Tulsa attorney Steven A. Novick is submitted, in which he opines that "the reasonable billing rate for each of plaintiffs' attorneys would be in the range of $250.00 to $275.00 per hour."

This district has previously considered the appropriate hourly rate for lawyers of the highest level of competence and experience and found that rate to be $250.00 per hour. In the words of Magistrate Judge Cleary,

> ONG may wisely and for good reason choose to travel the litigation highway in a Lexus rather than the more common Chevrolet. However, under a fee-shifting statute such as presented here, the losing party is only responsible for the cost of the Chevrolet, if that is the standard in the community.  *Oklahoma Natural Gas Co. V. Apache Corp,* 355 F.Supp.2d 1246, 1255 (2004).

Without commenting on whether Plaintiffs' counsel is more akin to a Porsche or a Volkswagen, the count finds $250.00 is an appropriate hourly rate in this case in this community.

### E. Travel and other Cost reimbursement

Plaintiffs seek reimbursement for travel and other expenses in the amount of $1799.33. Defendant argues that these costs, including travel expenses, are not reimbursable under Tenth Circuit law. The *Ramos* court considered expense reimbursement is some detail. In regard to travel expenses,

> Items that are normally itemized and billed in addition to the hourly rate should be included in fee allowances in civil rights cases if reasonable in amount. However, because there is no need to employ counsel from outside the area in most cases, we do not think travel expenses for such counsel between their offices and the city in which the litigation is conducted should be reimbursed. Departure from this rule should be made in unusual cases only. Thus, the district court properly disallowed travel costs to and from Denver for counsel based in Washington, D.C. The district court properly allowed reimbursement for the expense of travel between Denver and the Canon City prison, given its finding that such costs would normally be billed to a private client. *Ramos v. Lamm,* 713 F. 2d at 555.

Subsequently, in *Brown v. Gray*, 227 F.3d 1278, 1297 (10th Cir. 2000), the court gave additional perspective.

> There are two separate sources of authority courts use to award out-of-pocket expenses to a prevailing party. Some expenses, such as travel, may be included in the concept of attorney's fees as "incidental and necessary expenses incurred in furnishing effective and competent representation." 122 Cong. Rec. H12160 (daily ed. Oct. 1, 1976) (statement of Rep. Drinan). These expenses are thus authorized by
>
> 1. section 1988. *See Dowdell v. City of Apopka,* 698 F.2d 1181, 1190 (11th Cir.1983) ("Reasonable attorneys' fees under [section 1988] must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation."). *Brown*

5

*v. Gray*, 227 F.3d 1278, 1297 (10th Cir. 2000).

As the court stated, there is normally no need to employ counsel from outside the area and travel expenses should not be allowed. Departure from this rule should be made in unusual cases only. This is such an unusual case. Plaintiffs' counsel have a very high level of expertise in the very focused area of Title IX litigation as indicated by the three pages of case citations included in Plaintiffs' brief in which they have served as lead counsel. Plaintiffs could not have found the combination of lawyers with that expertise locally. That expertise benefitted Plaintiffs in bringing about improvement to the girls' sports facilities in Ponca City. Thus, travel expenses of $785.85 and hotel expenses of $234.78 should be reimbursed. Per diem requests of $150.00 are denied as being beyond necessarily incurred travel expense.

> Regarding the other costs requested, the *Ramos* court provides guidelines as well.
>
> Although some firms separately itemize and bill long distance telephone charges, copying costs, and some other expenses, these kinds of expenses should be allowed as fees only if such expenses are usually charged separately in the area. In the instant case, we believe the district court properly found such costs are normally absorbed as part of the firms' overhead, and correctly refused reimbursement for photocopying, postage, telephone, books, and overtime secretarial work. *Ramos* 713 F. 2d at 555.

In *Brown v. Gray,* 227 F.3d 1278, 1297 the court added,

> We set forth the guidelines for awarding out-of-pocket expenses pursuant to section 1988 in *Ramos v. Lamm,* 713 F.2d 546 (10th Cir.1983). We held there that "[i]tems that are normally itemized and billed in addition to the hourly rate should be included in fee allowances in civil rights cases if reasonable in amount." *Id.* at 559; *see also Sussman,* 108 F.3d at 1213. In other words, reasonable out-of-pocket expenses not normally absorbed as part of law firm overhead should be reimbursed as attorney's fees under section 1988. In deciding whether to award such expenses, the district court must determine whether "such expenses are usually charged separately in

the area." *Sussman,* 108 F.3d at 1213. This necessarily involves a factual inquiry into the billing practices of law firms in the region who provide services to fee-paying clients.

Based upon the above analysis the court grants the request for reimbursement of filing fees of $350.00, postage of $54.00, copies of $168.00 and denies the request for file set-up of $54.00 as not being normally charged separately in the Tulsa legal community. The court finds the copies are "necessarily obtained" within the meaning of 28 U.S.C. § 1920(4). The court finds nothing in the lower court rulings of *Burton v. R.J. Reynolds Tobacco Co.,* 395 F.Supp.2d 1065 (D.Kan. 2005) or *Pehr v. Rubbermaid, Inc.,* 196 F.R.D. 404 (D.Kan.2000) that compels a different result.

## II. CONCLUSION

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for Awarding of Attorney Fees and Costs [Dkt. # 28] is granted in part and denied in part. Attorney fees at the hourly rate of $250.00 for 153.50 hours, for a total of $38,375.00 are awarded to Plaintiffs to be paid by Defendant. Costs are awarded as detailed above in the total amount of $1590.33.

Dated this 7th day of September, 2007.

Sam A. Joyner
United States Magistrate Judge